
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**EVELYN ROXANN WHEAT,**

    Plaintiff,

Case No. 2:13-cv-13715

v.

HON. DENISE PAGE HOOD

**DEUTSCHE BANK NATIONAL
TRUST COMPANY AS TRUSTEE FOR
MORGAN STANLEY MORTGAGE
LOAN TRUST 2004-5AR AND JOHN DOE
DOE DEFENDANTS,**

    Defendants.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, ORDER MOOTING PLAINTIFF'S MOTION TO ALLOW REDEMPTION FUNDS PAID INTO COURT ESCROW and ORDER DISMISSING ACTION

This case concerns a mortgage executed by Plaintiff Evelyn Roxann Wheat as security for a loan used to finance the purchase of real property and the subsequent sale of the property at a foreclosure sale. This matter is before the Court on Defendant Deutsche Bank National Trust Company as Trustee for Morgan Stanley Mortgage Loan Trust 2004-5AR's Motion to Dismiss. A response to the motion has been filed, along with a reply to the response. Also before the

1

Court is Plaintiff's Motion to Allow Redemption Funds Paid Into Court Escrow Account in the amount of $75,992.40. A response has been filed to this motion.

A hearing was held on the matter. The parties thereafter agreed to conduct a settlement conference before the magistrate judge requesting that a ruling on the motion be withheld pending the conference. The magistrate judge held the settlement conference, but the matter was not resolved.

**I.     BACKGROUND**

On August 30, 2013, Defendant removed this matter from the Oakland County Circuit Court to this Court. The Complaint alleges eight counts involving the foreclosure of Plaintiff's property located in Highland, Michigan. The real property at issue is five acres of land in Highland Township commonly known as 1561 North Hickory Ridge, Highland, Michigan (the "Property"). (Doc. No. 5, p. 2). Plaintiff alleges that she executed a mortgage (the "Mortgage") with Lender Ltd. d/b/a Metro Mortgage Corporation on or about April 21, 2004 as security for a $180,000.00 loan. *Id.* Plaintiff used the loan proceeds to finance the purchase of the Property. *Id.*

On April 21, 2004, Lender Ltd. assigned the Mortgage to Morgan Stanley Mortgage Capital Inc. (Comp., Exhibit B) On June 15, 2007, non-surviving company Morgan Stanley Mortgage Capital Inc. merged (the "Merger") with surviving company Morgan Stanley Mortgage Capital Holdings, LLC. Finally,

Morgan Stanley Mortgage Capital Holdings, LLC assigned the Mortgage to Defendant, as trustee, on March 8, 2012. (Comp., Exhibit C) Both Assignments were recorded in the Oakland County Register of Deeds (Comp., ¶¶ 25-26).

According to Plaintiff, "Chase Bank" ("Chase") was the servicer of the Mortgage throughout this period. (Comp., ¶26) Plaintiff claims she made installment payments to Chase "[m]onth after month, year after year," but "became suspicious that Chase bank did not have either the standing or authority to collect the payments or to enforce the debt." *Id.* As a result, "Plaintiff stopped making payments to Chase Bank, the wrong party." (Comp., ¶31) Defendant initiated foreclosure proceedings due to Plaintiff's non-payment by publishing foreclosure notices in the Oakland County Legal News on June 19, 2012; June 26, 2012; and July 10, 2012. (Comp., ¶18) This resulted in the sale of the Property to Defendant at a foreclosure sale (the "Sheriff's Sale") conducted on January 8, 2013. (Doc. No. 5, Exhibit 2) Affidavits attached to the Sheriff's Deed indicate that the last date for Plaintiff to redeem the Property was July 8, 2013. (Doc. No. 5, Ex. 2, p. 8).

Plaintiff filed this lawsuit on July 31, 2013 alleging the following against Defendant: "Jurisdictional Allegations" (Count 1); "Wrongful Mortgage Foreclosure Based on Insufficient Redemption Period" (Count 2); "Wrongful Mortgage Foreclosure Based on Violation Sheriff Sale Adjournments After Publication" (Count 3); "Declaratory Judgment of No Debt Defendants [sic]

3

Failure to Carry Burden of Proof Broken Recorded Chain of Mortgage Assignments" (Count 4); "Promissory Note Paid in Full by Securitization" (Count 5); "Declaratory Judgment Wrongful Foreclosure in Violation of Fair Debt Collection Practices Act" (Count 6); "Complaint to Quite [sic] Title" (Count 7); and, "Defendants [sic] (a) Violation of MCL 440.9109(c) Failure to Cancel and Deliver the Original Promissory Note" (Count 7) [sic].

## II. ANALYSIS

### A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a case of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2), *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is

plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content must be "plausibility" suggestive of a claim entitling a plaintiff to relief. *Id.* The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

    **B.**     **Notice of Adjournment (Count 3)**

Defendant argues that Plaintiff's notice of adjournment claim, alleging that Defendant failed to properly publish a notice of an adjournment of the Sheriff's Sale, is inadequate to challenge the Sheriff Sale's validity because Plaintiff failed to allege that she suffered any harm from the alleged defect and did not allege any actionable prejudice. Plaintiff does not respond to this argument.

Adjournments of a foreclosure sale are governed by M.C.L § 600.3220, which states:

> Such sale may be adjourned from time to time, by the sheriff or other officer or person appointed to make such sale at the request of the party in whose name the notice of sale is published by posting a notice of such adjournment before or at the time of and at the place where said sale is to be made, and if any adjournment be for more than 1 week at one time, the notice thereof, appended to the original notice of sale, shall also be published in the newspaper in which the original notice was published, the first publication to be within 10 days of the date from which the sale was adjourned and thereafter once in each full secular week during the time for which such sale shall be adjourned. No oral announcement of any adjournment shall be necessary.

M.C.L. § 600.3220. Michigan case law holds that "a defect in notice renders a foreclosure sale voidable" but not void. *Jackson Inv. Corp. v. Pittsfield Prods, Inc.*, 413 N.W.2d 99, 101-02 (1987). In *Worthy v. World Wide Financial Services, Inc.*, 347 F. Supp. 2d 502, 511 (E.D. Mich. 2004), the plaintiff sought to void a foreclosure sale by alleging that adjournment procedures were not properly followed for adjourning the foreclosure auction, but the Court held that it did not have sufficient grounds to invalidate the foreclosure sale because the plaintiff failed to show prejudice. *Id.* In *Kim v. JP Morgan Chase, N.A.*, 493 Mich. 98, 115-16 (2012), the Supreme Court of Michigan held that in order to set aside a foreclosure for defects or irregularities in the foreclosure proceeding, a plaintiff must demonstrate "that they would have been in a better position to preserve their

6

interest in the property absent defendant's noncompliance with the statute." Indeed, "a party who publishes an initial notice of adjournment may continue to adjourn a foreclosure sale from week to week without having to republish a notice of adjournment every week." *Id.* at 510-11.

A review of the Complaint shows Plaintiff failed to allege that she was prejudiced by Defendant's procedural notice defects or that she would have been in a better position to preserve her interest in the property absent Defendant's alleged failure to publish timely notice of adjournments. A defective notice of a foreclosure sale renders the sale voidable but not void, and the party challenging the sale must show prejudice. *Worthy*, 347 F. Supp. 2d at 511. Plaintiff's notice of adjournment claim in Count 3 fails to meet the requirements under Michigan case law and should be dismissed.

### C. Chain of Title (Count 4)

Defendant argues that Plaintiff lacks legal or factual grounds to dispute the assignments of the mortgage by asserting that the Michigan Uniform Commercial Code (UCC), on which Plaintiff relies in her allegation, is inapplicable to mortgage instruments. Defendant further argues that there is no gap in the chain of title by arguing that no assignment is required when one company holding a mortgage merges with another by citing *Kim.* 493 Mich. at 98. Defendant asserts that Plaintiff lacks standing to dispute the assignment of the Mortgage from Morgan

7

Stanley Mortgage Capital, Inc. to Morgan Stanley Capital Holdings, LCC (the "2012 Merger") because Plaintiff was a non-party by citing *Livonia Property Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 717 F. Supp. 2d 724, 735-37 (E.D. Mich. 2010). Plaintiff responds that there is a gap in the chain of mortgage assignments because there is no recorded mortgage assignment from Morgan Stanley Mortgage Capital to another entity. Plaintiff argues that the UCC applies to the Mortgage by citing *Glazer v. Chase Home Finance LLC*, 704 F.3d 453 (6th Cir. 2013). Plaintiff also argues that Defendant does not have a right to payments owed under the Mortgage unless Defendant physically produces the mortgage note. Defendant replies that Article 3 of the UCC does not apply to mortgage instruments; it legally foreclosed on the Property as the trustee; and no assignment was required from Morgan Stanley Mortgage Capital, Inc. to Morgan Stanley Capital Holdings, LCC.

M.C.L. § 450.1724(1)(b) states that "when a merger takes effect . . . [t]he title to all real estate and other property and rights owned by each corporation party to the merger are vested in the surviving corporation without reversion or impairment." M.C.L. § 450.1724. Similarly, 12 U.S.C. § 215a states that "[a]ll rights, franchises, and interests of the individual merging banks or banking associations in and to every type of property (real, personal, and mixed) and choses in action shall be transferred to and vested in the receiving association by virtue of

such merger without any deed or other transfer." 12 U.S.C.A. § 215a. In *Kim*, the Supreme Court of Michigan explained that the transfer by operation of law of a mortgage occurs when financial institutions merge. *Kim*, 493 Mich. at 112. The court stated that when a transfer by operation of law occurs, the financial institution does not need to engage in a transfer of the financial institution's assets. *Id.*

Both Plaintiff and Defendant in this case submitted recorded documentary evidence that Morgan Stanley Mortgage Capital, Inc. transferred the Mortgage to Morgan Stanley Capital Holdings, LCC by operation of law. Plaintiff introduced evidence of the transfer through a copy of the Assignment of Mortgage, which states that Morgan Stanley Mortgage Capital, Inc. transferred interest of the Mortgage to Morgan Stanley Mortgage Capital Holdings, LLC through the 2012 Merger. (Comp., Exhibit C) Furthermore, Defendant introduced evidence of the transfer through the Certificate of Merger. (Doc. No. 13 Exhibit C) Plaintiff lacks standing to challenge the assignment because she is not a party to the 2012 Merger. A litigant does have standing to challenge whether an assignment of mortgage exists to evidence chain of title, but such inquiry is limited to an examination of public records. *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 Fed. App'x 97, 103 (6th Cir. 2010). Although Plaintiff disputes the legality of the transfer, Plaintiff lacks standing to bring a claim

challenging the assignment or a claim that the assignment was not properly recorded. Count 4 must be dismissed.

### D. Securitization (Count 5) and Article 9 of UCC (Count 8)

Defendant argues that Plaintiff's securitization and Uniform Commercial Code Article 9 claims, which allege that the debt underlying the Mortgage was securitized and paid in full, should be dismissed because Michigan case law holds that transfers in interest in the indebtedness secured by a mortgage have no impact on the mortgagee's right to enforce a mortgage. The Plaintiff responds by asserting that because the "original loan" was securitized and placed in a Real Estate Mortgage Investment Conduit, the obligation to pay the loan was extinguished and "the note is no more." (Doc. No. 12, pp. 17-18) Defendant replies that although Plaintiff continues to argue that the alleged securitization of her underlying loan obligation bars Defendant from foreclosing, she makes no attempt to distinguish *Residential Funding Co., LLC v. Saurman*, 490 Mich. 909, 909-10 (2011).

In Michigan, mortgage foreclosures by advertisement are governed by M.C.L. § 600.3204 which permits "either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage" to foreclose a mortgage by advertisement. M.C.L. § 600.3204(1). In *Saurman*, the Michigan Supreme held that an entity that held a mortgage but not the note could foreclose under M.C.L. § 600.3204. *Saurman,* 490 Mich. at 910 ("It

has never been necessary that the mortgage should be given directly to the beneficiaries. The security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands. . . . The choice of a mortgagee is a matter of convenience"). Claims based on the securitization of a mortgage and the alleged separation of the mortgage and note have been ill-received by courts around the nation and courts have viewed them as unconvincing subsequent to the *Saurman* decision. *Gregory v. CitiMortgage, Inc.*, 890 F. Supp. 2d 791, 800-01 (E.D. Mich. 2012).

The Defendant, as record holder of the Mortgage, has the authority to foreclose on the Property under M.C.L. §§ 600.3204(1)(d) and (3). Because the Defendant was the mortgagee at the time of foreclosure, Plaintiff has no basis to claim that the purported transfer of interest in the underlying indebtedness had any impact on Defendant's right foreclose. Plaintiff's claims are similar to those in *Gregory*, where plaintiff unsuccessfully claimed that his debt was erased because the defendant trust paid off the original note. *Id.* at 804. Plaintiff's securitization claim in Count 5 must be dismissed for failure to state a claim upon which relief may be granted.

### E. Violation of Fair Debt Collection Practices Act (Count 6)

Defendant argues that Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim should be dismissed because Plaintiff fails to allege a violation

of a provision of the FDCPA. Defendant asserts that the Plaintiff did not allege that the Defendant engaged in any inappropriate debt-collection activity. Plaintiff does not respond to this argument.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C.A. § 1692(e). The Act applies only to "debt collectors," which is defined as a person who "attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a(6); *see Glazer*, 704 F.3d at 457. In *Joyner v. MERS*, 451 Fed. App'x 505, 507 (6th Cir. 2011), the Sixth Circuit stated that "a creditor is not a debt collector under the FDCPA."

A review of the Complaint shows that Plaintiff fails to state claim under this count. Plaintiff does not allege that Defendant performed any abusive debt collection practices; instead, Plaintiff disputes Defendant's right to foreclose by rearguing other claims from her Complaint. The Complaint demonstrates that Plaintiff did not base a claim for relief under any FDCPA provisions. As Plaintiff's creditor, Defendant is not subject to the FDCPA and is entitled to dismissal of Plaintiff's FDCPA claim. *Dorr v. Wells Fargo Bank, N.A.*, 2014 WL 1328200 at

\*7 (E.D. Mich. 2014). Count 6 must be dismissed for failure to state a claim upon which relief may be granted.

### F. Quiet Title (Count 7)

Defendant argues that Plaintiff's quiet title claim to the Property should be dismissed because Plaintiff does not attempt to establish the elements of the cause of action. Plaintiff does not respond to this argument.

M.C.L. § 600.2932(1), which governs actions that determine interests in land, states:

> Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

M.C.L.A. § 600.2932(1). The statute "codifi[e]s actions to quiet title and authorizes suits to determine competing parties' respective interests in land." *Republic Bank v. Modular One LL.*, 591 N.W.2d 335, 337 (Mich. Ct. App. 1998), *overruled on other grounds by Stokes v. Millen Roofing Co.*, 466 Mich. 660, 649 N.W. 2d 371 (2002). In a quiet title claim, the Plaintiff's complaint must allege: (1) the interest the plaintiff claims in the premises; (2) the interest the defendant claims in the premises; and (3) the facts establishing the superiority of the plaintiff's claim. MCR 3.411(B)(2). The plaintiff has the burden of proof in a quiet title

action, and must demonstrate a prima facie case of title. *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Co. Rd. Comm'n*, 600 N.W.2d 698, 701 (Mich. Ct. App. 1999). If the plaintiff establishes a prima facie case, the burden shifts to the defendant to establish that defendant has superior right or title to the property. *Beulah*, 600 N.W.2d at 701.

A review of the Complaint shows that Plaintiff fails to establish a prima facie case of superior right or title to the property. Specifically, Plaintiff fails to allege facts establishing the superiority of her claim. Plaintiff's quiet title claim in Count VII fails to meet the requirements established by Michigan statutory and case law and is dismissed.

### G. Insufficient Redemption Period (Count 2)

Defendant seeks dismissal of the action, asserting that it correctly applied a one-year redemption period to the property at issue. In her Complaint, Plaintiff alleged that Defendant's six-month redemption period calculation was incorrect because: (1) the Property is five acres in size, which is larger than the three-acre size necessary for a twelve-month redemption period under Michigan law, and (2) Defendant knew or had constructive notice that the Property qualified for the twelve-month redemption period because Plaintiff filed an "Affidavit of Agricultural Use." (Comp., ¶9-10) The Plaintiff alleges that the Affidavit of Purchaser from the Sheriff's Sale incorrectly declared that the last date for the

Plaintiff to redeem the Property was July 8, 2013. (Comp., ¶12). Plaintiff does not respond to Defendant's redemption period argument.

Non-judicial foreclosures, or foreclosures by advertisement, are governed by statute under Michigan law. *Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (citing M.C.L.A. § 600.3240). The statute gives the mortgagor six months after the foreclosure sale to redeem the property. *Conlin*, 714 F.3d at 359 (citing M.C.L. § 600.3240(8)). After this statutory period lapses, the mortgagor's "right, title, and interest in and to the property" are terminated. *Piotrowski v. State Land Office Bd.*, 302 Mich. 179 (1942); *see* M.C.L. § 600.3236. Filing of a lawsuit does not toll the redemption period, and once that period expired, the plaintiff lacks standing to challenge the foreclosure proceedings. *Overton v. Mortgage Electronic Registration Systems*, 2009 WL 1507342, at *1 (Mich. Ct. App. 2009). A court may consider equitable remedies only if there is a clear showing of fraud or irregularity as to the foreclosure proceeding itself, and not simply as to any conduct by a defendant. *Houston v. U.S. Bank Home Mortg. Wisconsin Servicing*, 2012 WL 5869918, at *5 (6th Cir. 2012). Michigan's foreclosure by advertisement scheme was meant to impose order on the foreclosure process while still giving security and finality to purchasers of foreclosed properties. *Conlin*, 714 F.3d at 359. A plaintiff must make two showings to set aside a foreclosure action: a strong case of fraud or irregularity relating to the

foreclosure proceeding itself, and that the plaintiff suffered prejudice by the defendant's failure to comply with the relevant statute, M.C.L. § 600.3204. *Id.* at 360.

This foreclosure is governed by statute under Michigan law. *Conlin*, *Id.* at 359. Because the Sheriff's Sale took place on January 8, 2013, M.C.L. § 600.3204, as amended in 2011, governs this case. When M.C.L. § 600.3204 was amended in 2011, it did not contain a condition that residential property larger than three acres is subject to a one-year redemption period. *See* 2011 Mich. Legis. Serv. 303 (West). In fact, it was amended to remove the condition that residential property larger than three acres is subject to a one-year limitation. *See* M.C.L. 600.3240(8); *see also* 2011 Mich. Legis. Serv. P.A. 303 (West). It seems Plaintiff was referring to M.C.L. §§ 600.3240 (8) and (12), as amended in 2010, in her Complaint. Subsection eight stated:

> For a mortgage executed on or after January 1, 1965, on residential property not exceeding 4 units and not more than 3 acres in size, if the amount claimed to be due on the mortgage at the date of the notice of foreclosure is more than 66– ⅔ % of the original indebtedness secured by the mortgage, the redemption period is 6 months.

*See* M.C.L. § 600.3240(8); *see also* 2010 Mich. Legis. Serv. 303 (West). Relatedly, subsection twelve stated that "[i]f subsections (7) to (11) do not apply, the redemption period is 1 year from the date of the sale." *Id.* The Plaintiff did not argue that the other elements of subsection eight are satisfied. Michigan law does

not support Plaintiff's argument that the redemption period should have been one year because the Property is larger than three acres in size.

As amended in 2011, M.C.L. § 600.3240(12) stated that the redemption period for "a mortgage of property that is used for agricultural purpose" is "1 year from the date of the sale." M.C.L.A. § 600.3240(12) (2011); *see also* 2011 Mich. Legis. Serv. 303 (West). Section seventeen outlined the process by which a mortgagor may establish that a property is utilized for agricultural purposes:

> For purposes of this section, there is a presumption that the property is used for agricultural purposes if, before the foreclosure sale under this chapter, the mortgagor provides the party foreclosing the mortgage and the foreclosing party's attorney proof that the mortgagor filed a schedule F to the mortgagor's federal income tax form 1040 for the year preceding the year in which the proceedings to foreclose the mortgage were commenced and records an affidavit with the register of deeds for the county in which the property is located stating that the proof has been delivered. If the mortgagor fails to provide proof and record an affidavit as required by this subsection before the foreclosure sale, there is a presumption that the property is not used for agricultural purposes. The party foreclosing the mortgage or the mortgagor may file a civil action to produce evidence to rebut a presumption created by this subsection. An action under this section shall be filed before the expiration of the redemption period that would apply if the property is determined not to be used for agricultural purposes.

*Id.* The Plaintiff argues that the Defendant had constructive notice that the Property qualified for the one year redemption period because Plaintiff recorded an "Affidavit of Agricultural Use" on February 9, 2012. (Comp., ¶8) The Affidavit

17

was signed by John Howard asserting that since July 2009, he had occupied the Property as his residence and that he used the Property for "Agricultural purposes." (Comp., Ex. I) However, the Plaintiff did not claim that she performed any of the requirements outlined by section seventeen that create a presumption that the Property was used for agricultural purposes. The Plaintiff did not allege that she filed a schedule F with her federal tax returns, or that she showed this schedule F to Defendant's attorneys prior to the Sheriff's Sale.

Plaintiff failed to file this action in the time mandated by the statute to rebut the presumption that the property was not used for agricultural purposes. Plaintiff filed this action on July 31, 2013, when the redemption period ended July, 8, 2013, which was six months after the Sheriff's Deed was issued. M.C.L.A. §§ 600.3240(8) and 600.3236. Under Michigan case law, parties may agree to extend the redemption period provided by statute. *Keybank Nat'l Ass'n v. Ameriquest Mortg. Co.*, 2004 WL 1057814, at *4 (Mich. Ct. App. 2004). The parties did not enter into such an agreement. The Court is without authority to extend the redemption period since Plaintiff has not shown a strong case of fraud or irregularity in the foreclosure proceedings. Plaintiff's claim to set aside the foreclosure auction and resulting Sheriff's sale is denied. Because the redemption period has expired in this case, Plaintiff's interest in the Property has been extinguished. Plaintiff's Complaint is dismissed.

## III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Dismiss **(Doc. No. 5)** is GRANTED. Defendant Deutsche Bank National Trust Company is DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Allow Redemption Funds Paid Into Court Escrow **(Doc. No. 7)** is MOOT.

IT IS FURTHER ORDERED that the John Doe Defendants are also DISMISSED without prejudice.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

<div style="text-align:right">
S/Denise Page Hood  
Denise Page Hood  
United States District Judge
</div>

Dated: July 31, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2014, by electronic and/or ordinary mail.

<div style="text-align:right">
S/LaShawn R. Saulsberry  
Case Manager
</div>